IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE FILIP

MAGISTRATE JUDGE MASON

Patricia Vogel
PLAINTIFF,

VS.

Nari Isakson, CHICAGO POLICE OFFICER
Star#13920
Brian Daly, CHICAO POLICE OFFICER,
Star#9364
and the CITY OF CHICAGO
DEFENDANTS.

06C 0165
NO.

FILED
JAN 1 2 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT

NOW COMES the Plaintiff Patricia Vogel by and through her attorney, Melinda Power of West Town Community Law Office, and complains against defendants and alleges as follows:

### JURISDICTION

The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Section 1983, 1981 and 1985; 28 U.S.C. Section 1331 and Section 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. 1367(a). The amount in controversy exceeds $10,000.00, exclusive of cost and interest against each defendant.

## PARTIES

1. Plaintiff Patricia Vogel is a citizen of the United States.
2. Defendants Isakson and Daly were, at all times relevant to this case, employed as police officers with the Chicago Police Department acting within the scope of their employment with the Chicago Police Department.
3. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant police officers.
4. The Defendants were at all times material to this Complaint acting under the color of law.

## STATEMENT OF FACTS

5. On March 19, 2005, Patricia Vogel participated in a demonstration opposing the war in Iraq.
6. The Plaintiff was lawfully exercising her first Amendment rights to oppose the war on Iraq by participating in a march and rally.
7. As the Plaintiff was on Oak Street one-half block west of Michigan Avenue, Defendant arrested her.
8. Defendants Isakson and Daly falsely arrested the Plaintiff, since they knew that the Plaintiff had not committed any crime
9. As a result of the false arrest, the Plaintiff was held in custody on March 19, 2005 and charged with disorderly conduct.
10. The Plaintiff was forced to post a bond and appear in court until she was found not guilty at the conclusion of her jury trial on December 16th, 2005.
11. The Defendants knew that the arrest of the Plaintiff was made without probable cause. All defendants had a duty to determine whether there was probable cause to justify the arrest and detention of Plaintiff, had a duty to act to prevent the prosecution, had a duty to testify truthfully in their reports and in court, had opportunities to act to prevent the prosecution and prevent the injuries and harm to the Plaintiff and in fact, engaged in specific

acts and omissions, as more fully set forth above, calculated and intended to result in the continued prosecution of plaintiff.

12. Defendants reached a meeting of the minds and agreed to cause Plaintiff to be criminally charged, to falsify reports, to withhold information which would have resulted in the dismissal of criminal charges and the release of the Plaintiff in order to cover up the misconduct of the Defendants as more fully set above.

13. Defendants, acting both individually, jointly, and in conspiracy, directly and proximately caused the false arrest, pretrial detention and malicious prosecution of Plaintiff by the misconduct of Defendants, as set forth more fully above.

14. The acts and omissions of Defendants, as set forth more fully above, were wanton and willful.

15. The Defendants' false arrest, and malicious prosecution of Plaintiff directly resulted in Plaintiff's damages as set forth in more detail below.

16. Moreover, the Plaintiff has been severely traumatized as a result of defendants' actions. The Plaintiff suffered a loss of liberty for a crime she did not commit, and experienced mental distress and anguish, experienced a lack of enjoyment in life, and was prevented from going about her regular business during his period in custody.

## COUNT I
### (Plaintiff Vogel's Claim for False Arrest and Imprisonment Section 1983 Defendants Isakson and Daly)

17. Plaintiff realleges paragraphs 1-16 with the same force and effect as if fully set forth herein.

18. Defendant Isakson and Daly falsely stated that the plaintiff refused to disperse from 980 N. Michigan Avenue. On the basis of these false allegations the Plaintiff was illegally arrested without probable cause and falsely charged. As a result of the Defendants' false allegations and resulting illegal arrest without probable cause, the Plaintiff was detained and held in custody on March 19, 2005. The Plaintiff was forced to appear in court.

These actions by the Defendants constitute false arrest and imprisonment under the Fourteenth Amendment and the Fourth Amendment and the right to be free of unreasonable seizures and are actionable under 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff requests that this Court award her substantial money damages to compensate for the injuries caused by the Defendants' intentional or reckless, and illegal acts; and since Defendants' actions were malicious, willful and/or wanton Plaintiff demands punitive damages plus the costs of this action and attorney fees.

## COUNT II
### (Plaintiff Vogel's Claim for 1983 Civil Conspiracy Against Defendants, Isakson and Daly)

19. Plaintiff realleges paragraphs 1-18 with same force and effect as if fully set forth herein.

20. Defendants together reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to falsely arrest and maliciously prosecute Plaintiff in violation of the Fourth and Fourteenth Amendments in order to cover-up their unjustified arrest of plaintiff.

21. In furtherance of this conspiracy, the Defendants named above committed the overt acts set forth above, including, but not limited to, the wrongful arrest, incarceration, charging and malicious prosecution of Plaintiff; the creation and filing of false, fabricated, and incomplete statements and reports; the withholding of information which would have led to the dismissal of criminal charges and the release of Plaintiff.

22. Said conspiracy and overt acts were and are continuing in nature.

23. Defendants' acts as set forth above in acting jointly and/or conspiring together to maliciously prosecute Plaintiff were wanton and willful and constitute the tort of conspiracy.

24. This conspiracy proximately caused the injuries to the Plaintiff set forth above.

**WHEREFORE**, Plaintiff requests that this Court award her substantial money damages to compensate for the injuries caused by the Defendants' intentional or reckless, and illegal acts; and since Defendants' actions were malicious, willful and/or wanton Plaintiff demands punitive damages plus the costs of this action and attorney fees.

## COUNT III
### (Plaintiff's Pendant State Claim for Malicious Prosecution Against Defendants Isakson and Daly)

25. Plaintiff realleges paragraphs 1-24 with the same force and effect as if fully set forth herein.
26. The Defendants individually, jointly, and in conspiracy, maliciously and without probable cause caused the false charging and prosecution of Plaintiff for the fabricated charge of Disorderly Conduct. Defendants conspired to prepare a case report that falsely identified the Plaintiff as the person who committed Disorderly Conduct.
27. The prosecution of Plaintiff was terminated in her favor.
28. As a result of the malicious prosecution, Plaintiff was deprived of liberty as set forth above.
29. The actions of Defendants in maliciously prosecuting Plaintiff constituted a violation of her rights under Illinois law to be free from malicious prosecution without probable cause and caused the injuries set forth above.
30. Defendants' actions in maliciously prosecuting Plaintiff were willful and wanton.

**WHEREFORE**, Plaintiff demands judgment against all Defendants for compensatory damages plus costs of this action and whatever additional relief this Court deems equitable and just.

## COUNT IV
### (Respondent Superior Claim-Defendant City of Chicago)

31. Plaintiff realleges paragraphs 1-30 with the same force and effect as if fully set forth herein.

32. The aforesaid acts and state law violations of Defendants Isakson and Daly, as set forth above, were performed in the scope of their employment as Chicago Police Officers, were willful and wanton, and therefore the Defendant City of Chicago as principal is liable for the actions of its agents under the doctrine of *respondent superior* for the violations of state law.

**WHEREFORE**, Plaintiff demands judgment against City of Chicago in the amounts sought against the individual Defendants in their state claim.

## COUNT V
### (755 ILCS 10/9 102-Defendant City of Chicago)

33. Plaintiff realleges paragraphs 1-32 with the same force and effect as if fully set forth herein.

34. Defendant City of Chicago is the employer of the individual Defendants.

35. Defendants Isakson and Daly committed the acts alleged above under color of law and in the scope of their employments as employees of the City of Chicago.

**WHEREFORE**, should Defendants Isakson and Daly be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgments Plaintiff obtains thereon against said Defendants as well as for all attorney fees and costs.

_____
Attorney for Plaintiff

Melinda Power
West Town Community Law Office
2502 W. Division, Chicago Illinois 60622
773/278-6706 Fax: 773/278-0635
mpwr2502@earthlink.net